**Roy BROWN, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14122.**

Court of Criminal Appeals of Oklahoma.

April 24, 1968.

Rehearing Denied July 31, 1968.

Hal Welch, Hugo, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Roy Brown, hereinafter referred to as defendant, was found guilty of Indirect Contempt of Court in the District Court of McCurtain County and the judgment and sentence was rendered against him on the 17th day of June, 1966; the same was not filed of record until the 26th day of August, 1966. On the 27th day of June, 1966, defendant filed a Notion of Intention to Appeal, set forth in the following language:

"TO THE HONORABLE DON ED PAYNE, COUNTY ATTORNEY OF McCURTAIN COUNTY, OKLAHOMA, AND SAM HESS, COURT CLERK OF McCURTAIN COUNTY, OKLAHOMA:

YOU AND EACH OF YOU ARE HEREBY NOTIFIED that the undersigned Roy Brown, defendant in the above styled and numbered action, does hereby give you notice of his intention to appeal to the Court of Criminal Appeals of the State of Oklahoma from the conviction and judgment and sentence entered herein on the 17th day of June, 1966, wherein it was adjudicated that he was guilty of an indirect contempt of this court and sentenced therefor.

Dated this the 27th day of June, 1966.

ROY BROWN

BY

/s/   Hal Welch
HAL WELCH, HIS ATTORNEY."

On this same date he filed a Request for Casemade and Application for Extension of Time to Make and Service Same. Also filed on the 27th day of June, 1966, was an Application for Permission to File Motion for New Trial After Judgment and Sen-

tence. Thereafter, on the 29th day of June, 1966, there was filed an Order Allowing Filing of Motion for New Trial After Judgment, Extending Time to Make and Service Case-made, and Fixing Defendant's Bond on Appeal. The next instrument shown in the case-made is the Judgment and Sentence dated June 17, 1966, but filed August 26, 1966, followed by a Motion for New Trial which was filed June 29, 1966. Next is an Order Overruling Motion for New Trial and Extending Time to Serve Case-made, filed August 26, 1966. Thereafter, the defendant again filed a Notice of Intention to Appeal on the 26th day of August, 1966. There also appears in the record a certificate of the trial court wherein he states that the latest date by which a petition in error could be filed in this Court would be November 26, 1966.

The Attorney General has filed a Motion to Dismiss this attempted appeal for the reason that it was not filed within 120 days from the rendition of judgment and sentence as provided in 22 O.S. § 1054. To the State's Motion to Dismiss, the defendant filed a response alleging in substance that since the judgment and sentence was filed on August 26, 1966, the defendant had 120 days from that date within which to perfect the appeal. He further argues that it was the intention of the trial court to formally pronounce judgment and sentence on that date and that this conclusion is supported by the certificate of the trial judge granting the defendant until November 26, 1966 to perfect his appeal.

■ The record affirmatively reflects the judgment and sentence was rendered against the defendant on June 17, 1966, and that defendant was aware that judgment and sentence was rendered on that date as reflected by the record wherein on the 27th day of June, 1966, he gave notice of intention to appeal to this Court. The mere fact that the judgment and sentence was filed subsequent to its rendition does not operate to extend the statutory time which began to run upon the rendition of judgment and sentence.

■ This Court held in Chase v. State, Okl.Crim.App., 378 P.2d 779 that failure to file appeal in appellate court within time allowed by law is fatal to appeal, and appellate court has no discretion to hear and determine appeals on merits when they are not taken within time prescribed by law.

■ The defendant's contention that the order entered by the trial court granting until November 26, 1966 to perfect an appeal in this Court is likewise without merit. In Gershon v. State, Okl.Crim.App., 410 P.2d 563, this Court stated:

"Any attempt of the trial court to extend the time for filing the petition in error and casemade in this Court after the expiration of statutory * * * days is void; and where said petition in error and casemade are filed in this Court in compliance with an extra 'certificate', signed by the trial judge after the time for appeal has expired, the appeal will be dismissed."

It is therefore, the order of the Court of Criminal Appeals that the Motion to Dismiss by the State is sustained, and the attempted appeal is dismissed. Appeal dismissed.

NIX, P. J., and BRETT, J., concur.