**Leslie RESSLER, Plaintiff in Error,**
**v.**
**The STATE of Oklahoma, Defendant in Error.**
**No. A–15652.**

Court of Criminal Appeals of Oklahoma.
Dec. 3, 1969.

Bob R. Scarbrough, Larry Weber, Altus, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

This is an attempted appeal from the judgment and sentence entered on the 30th day of September, 1969, in the District Court of Jackson County, Oklahoma, wherein Leslie Ressler was charged, tried, and convicted of the crime of operating an open saloon. Said judgment and sentence was fixed at a fine of $500.00; and on the date judgment and sentence was entered defendant filed a motion for new trial which was denied the same day. Thereafter on November 3, 1969, this appeal was attempted, when defendant filed his petition in error in this Court. Rule 29, Section 4(b) of the Court of Criminal Appeals provides:

> "A petition in error must be filed with the clerk of this Court within thirty (30) days from the date judgment and sentence is rendered by the trial court; and within five (5) days from the date said petition in error is filed in this Court, plaintiff in error must file one copy of said petition with the clerk of the trial court, and serve one copy thereof on the Attorney General."

When the petition in error is not filed within the time provided in Rule 29, Section 4(b), supra, this Court is without jurisdiction to entertain an appeal and the Court must on its own Motion dismiss the

attempted appeal. Section 4(b) of Rule 29, is premised on the provisions of 22 O.S. Supp. § 1075, and therefore becomes a jurisdictional requirement related to appeals to this Court.

In the instant case, judgment and sentence was entered on the 30th day of September, 1969, and the petition in error should have been filed in this Court on or before the 30th day of October, 1969. The judgment and sentence, being the final order from which an appeal to this Court is made, determines the date from which the thirty day period is computed. Also, this is true even though defendant has filed a motion for new trial which may still be pending. This date motion for new trial was filed should *not* be confused with the date on which the passing of judgment and sentence occurred.[1]

■ However, notwithstanding the jurisdictional requirement concerning the petition in error, an appeal is not considered *lodged or perfected* to this Court, until the original record and transcript of evidence is filed in the office of the Clerk of this Court. For that reason, until the appeal records are withdrawn from the trial court to be filed in this Court, complete authority over those records is vested in the trial judge. This authority includes such matters as the adjustment of defendant's bail, pending his appeal.[2]

Recently, in West v. State, Okl.Cr., 462 P.2d 277, we stated:

"When the petition in error is not filed within the time provided in Rule 29, Section 4(b), supra, this Court is without jurisdiction to entertain an appeal and the Court may on its own Motion dismiss the attempted appeal."

■ Therefore, since the provisions of Rule 29, Section 4(b) are mandatory, we

are of the opinion, and therefore hold, that this attempted appeal should be, and the same is hereby, dismissed, and the Clerk of this Court is directed to issue the mandate forthwith.

BUSSEY and NIX, JJ., concur.

pending his ruling on the motion for new trial.

---

1. Rule 29, Section 4(c). Motion for new trial must be filed before judgment and sentence is rendered. The date on which judgment and sentence is rendered is not effected by the filing of a motion for new trial, unless the trial judge orders the judgment and sentence to be "vacated" ■

2. See: Rule 29, Section 11(d) and Section 14, pertaining to the trial court's authority with reference to the original record and transcript of evidence.