56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Buford Eugene SHOWN, Petitioner-Appellant,
v.
Bobby BOONE; Attorney General of the State of Oklahoma,
Respondent-Appellees.
 No. 95-6108.
 United States Court of Appeals, Tenth Circuit.
 June 5, 1995.
 
 ORDER AND JUDGMENT*
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Buford Eugene Shown appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. Sec. 2254. Mr. Shown currently is serving a twenty-year sentence in the Oklahoma State Correctional Facility at Atoka following his conviction for the crime of indecent or lewd acts with a child under sixteen. See Okla.Stat.Ann. tit. 21, Sec. 1123 (West 1983). He argues two points on appeal. First, he claims that he was denied due process because he was not furnished "true, complete, and accurate transcripts" of "all trial proceedings," in violation of Oklahoma state law. Appellant's Br. at 7. Second, he maintains that he received ineffective assistance of appellate counsel.
 
 
 3
 We exercise jurisdiction pursuant to 28 U.S.C. Sec. 1291, grant the petitioner's motion to proceed in forma pauperis, grant the certificate of probable cause, grant Mr. Shown's motion to substitute custodial party, and affirm the district court's denial of habeas relief.
 
 DISCUSSION
 
 4
 Because Mr. Shown is proceeding pro se, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Fratus v. Deland, 49 F.3d 673, 675 (10th Cir.1995).
 
 
 5
 As to Mr. Shown's first claim, the Oklahoma state district court, in ruling on his application for post-conviction relief, see Okla.Stat.Ann. tit. 22, Secs. 1080-1088 (West 1986), denied relief on this claim, finding it barred by the doctrine of res judicata. Shown v. State, No. CRF-89-2780 at 5 (Okla.County Dist.Ct. Jan. 5, 1994). Mr. Shown did not exercise his statutory right to appeal this adverse ruling. See Okla.Stat.Ann. tit. 22, Sec. 1087 (West 1986).
 
 
 6
 As to Mr. Shown's second claim, that he received ineffective assistance from appellate counsel, the court addressed the merits of the claim and denied relief. Again, however, Mr. Shown did not appeal this ruling.
 
 
 7
 Because Mr. Shown failed to appeal the denial of his application for post-conviction relief to the Oklahoma Court of Criminal Appeals, he technically has failed to exhaust his state remedies. Generally, a federal court must dismiss a habeas corpus petition containing unexhausted claims. 28 U.S.C. Sec. 2254(b); see Rose v. Lundy, 455 U.S. 509, 510 (1982). However, it is clear that dismissal of the instant petition in order to allow Mr. Shown to exhaust his state court remedies would be futile because the Oklahoma court would hold his claims procedurally barred.[1]
 
 
 8
 Under Oklahoma law, "[a] final judgment entered under [the Post-Conviction Procedure Act] may be appealed to the Court of Criminal Appeals on petition of error filed either by the applicant or the state within thirty (30) days from the entry of the judgment." See Okla.Stat.Ann. tit. 22, Sec. 1087 (West 1986). Pursuant to Rule 5.2(C)(2) of the Oklahoma Rules of the Court of Criminal Appeals, "[f]ailure to file a petition in error, with a brief, within the time provided, shall constitute a procedural bar for this Court to consider the appeal." Interpreting this rule, the Oklahoma Court of Criminal Appeals has held that the failure to file the petition in error challenging the denial of post-conviction relief divests the appellate court of jurisdiction. Duvall v. State, 869 P.2d 332, 334 (1994).
 
 
 9
 In this case, the Oklahoma district court denied Mr. Shown's application for post-conviction relief on January 5, 1994. He did not file the required petition in error. Thus, unless the Oklahoma Court of Criminal Appeals were to grant him leave to file out of time, it is clear that, if we dismiss the instant petition on exhaustion grounds, his claims will be held procedurally barred by the Oklahoma Court of Criminal Appeals.
 
 
 10
 The Oklahoma Court of Criminal Appeals has held that the applicable standard for granting an appeal out of time is whether the party seeking the appeal failed to appeal through no fault of his own. In re Anderson, 803 P.2d 1160, 1162 (Okla.Crim.App.1990); Smith v. State, 611 P.2d 276, 277 (Okla.Crim.App.1980); see also White v. Meachum, 838 F.2d 1137, 1138 (10th Cir.1988). Mr. Shown has made no such claim in this matter. Therefore, we are convinced that the Oklahoma Court of Criminal Appeals would hold his unexhausted claims procedurally barred. Thus, he has exhausted his state remedies under 28 U.S.C. Sec. 2254(b), see Teague v. Lane, 489 U.S. 288, 298 (1989), and we turn to the question whether his procedural default may be excused.
 
 
 11
 In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held that
 
 
 12
 [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
 
 
 13
 Id. at 750.
 
 
 14
 In denying Mr. Shown's petition for a writ of habeas corpus, the district court adopted the Supplemental Report of the United States Magistrate Judge to whom the case had been assigned. See Shown v. Boone, No. CIV-94-207-R (W.D.Okla. Feb. 22, 1995); see also 28 U.S.C. Sec. 636(b)(1); W.D.Okla. Local Ct.R. 39(D). After a careful analysis, the Magistrate Judge concluded that Mr. Shown had failed to demonstrate cause and prejudice or a fundamental miscarriage of justice sufficient to excuse his procedural default.
 
 
 15
 We are unable to add significantly to this analysis and, therefore, hold that Mr. Shown's claims are procedurally barred. Accordingly, we GRANT the petitioner's motion to proceed in forma pauperis, we GRANT the certificate of probable cause, we GRANT the motion to substitute custodial party, and we AFFIRM the district court's judgment denying habeas corpus relief for substantially the same reasons as are set forth in the Supplemental Report of the Magistrate Judge and the order of the district court. The mandate shall issue forthwith.
 
 ENTERED FOR THE COURT
 Stephen H. Anderson
 Circuit Judge
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 We are not without jurisdiction to reach the merits of Mr. Shown's claims because the exhaustion requirement is based on principles of comity; it is not jurisdictional. Granberry v. Greer, 481 U.S. 129, 1313 (1987); Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir.1994). Moreover, a claim which the state court would hold procedurally barred is deemed exhausted in any event. See Coleman v. Thompson, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.")