**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CHRISTOPHER TODD WILLIAMS,

      Petitioner - Appellant,

vs.

GARY GIBSON; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 00-6014

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 98-CV-1714-T)

Gloyd L. McCoy, Coyle & McCoy, Oklahoma City, Oklahoma, for Petitioner -
Appellant.

Diane L. Slayton, Assistant Attorney General (W.A. Drew Edmondson, Attorney
General, with her on the brief), Oklahoma City, Oklahoma, for Respondents -
Appellees.

Before **SEYMOUR**, Chief Judge, **KELLY**, and **HENRY**, Circuit Judges.

**KELLY**, Circuit Judge.

      Petitioner-Appellant Christopher Todd Williams appeals from the district

court's dismissal of his habeas petition as time barred. We reverse and remand

for disposition on the merits.

Mr. Williams was convicted in Oklahoma district court on two counts of first degree murder and one count of possession of a firearm by a convicted felon. He appealed to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed his conviction on April 16, 1997. Mr. Williams' petition for certiorari was denied by the United States Supreme Court on October 20, 1997. At this point, Mr. Williams' one-year time period for filing a habeas petition began to run. See 28 U.S.C. § 2244(d); see also Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999). Therefore, in the absence of any tolling, Mr. Williams' statutory time limit for filing his habeas petition would have run on October 21, 1998.

Under 28 U.S.C. § 2244(d)(2), however, a court tolls the one-year period for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending . . . ." Mr. Williams filed an application for state post-conviction relief on August 3, 1998,[1] tolling the limitations period with seventy-eight days remaining. This application was denied on September 9,

---

[1]The briefs and the record are unclear as to the specific date on which Mr. Williams filed his state post-conviction application. In his brief, Mr. Williams alternatively refers to the date as August 3 and August 20, 1998. Compare Aplt. Br. at 4 with id. at 6. However, the government refers to the date as August 3, see Aplee. Br. at 2, and because neither date is determinative of the outcome, we will employ August 3 as the correct date of filing.

1998, and Mr. Williams filed a timely notice of appeal to the OCCA on September 18, 1998. However, Mr. Williams failed to comply with Rule 5.2(C)(2) of the Oklahoma Court of Criminal Appeals, which requires a petitioner to file a petition in error and supporting brief within thirty days of the final order of the district court. Accordingly, the OCCA dismissed the appeal on October 30, 1998, on the basis that "[m]ore than thirty (30) days has [sic] passed since the District Court's order was filed in the District Court, and no Petition in Error or supporting brief has been filed." Williams v. Oklahoma, No. PC 98-1068, at 2 (Okla. Crim. App. Oct. 30, 1998) (Aplee. App. at 38-39). The instant habeas petition was filed on December 17, 1998.

The question for us to resolve is whether Mr. Williams' appeal before the OCCA was "properly filed" so as to toll the limitations period under 28 U.S.C. § 2244(d)(2). If the appeal was not properly filed, then only the thirty-seven days from August 3 to September 9, 1998, are tolled. In that case, the one-year limitations period would have expired on November 26, 1998, making the habeas petition untimely. However, if the appeal was properly filed, then the time period was tolled until the OCCA dismissed the appeal on October 30, 1998. Mr. Williams would then have had until January 16, 1999, to file and the instant habeas petition (December 17, 1998) would be timely.

The resolution of this case is governed by our recent decision in

Habteselassie v. Novak, 209 F.3d 1208 (10th Cir. 2000). In that case, we held that a "'properly filed' application is one filed according to the filing requirements for a motion for state post-conviction relief. See Adams v. Lemaster, No. 99-2348, 2000 WL 1174646, at *3 (10th Cir. Aug. 18, 2000). These requirements may include: [time, place, filing fee, and judicial authorization requirements, as well as] (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion." Id. at 1210-11. However, Habteselassie made it clear that "conditions precedent" do not include state procedural bars. "[A] state petition that is dismissed on the basis of procedural default does not render the petition not 'properly filed' . . . ." Id. at 1213. Therefore, we must decide whether the filing of a petition in error and supporting brief is a condition precedent or a procedural bar.

The state argues that the requirements of Rule 5.2(C) are jurisdictional, and should be viewed as "a condition precedent to the Court entertaining such an appeal." Aplee. Br. at 8. It cites to Duvall v. Oklahoma, 869 P.2d 332, 334 (Okla. Crim. App. 1994) where the OCCA said: "Appellant has failed to file a Petition in Error with the Clerk of this Court. This, too, is jurisdictional." See also Shown v. Boone, No. 95-6108, 1995 WL 330752, at *2 (10th Cir. June 5, 1995) (citing Duvall). However, Duvall was interpreting Rule 5.2(C) prior to its 1994 amendments. The old rule stated: "Failure to file a petition in error, with or

- 4 -

without a brief, within the time provided, shall bar this Court from considering the appeal." See Duvall, 869 P.2d at 333 (citing old rule). This rule was no longer in effect when Mr. Williams filed his appeal to the OCCA.

The current version of Rule 5.2(C), which was quoted verbatim in the OCCA's order dismissing Mr. Williams' appeal, states: "Failure to file a petition in error, with a brief, within the time provided, shall constitute a procedural bar for this Court to consider the appeal." Rule 5.2(C)(5). Given the new language of Rule 5.2(C)(5) and the OCCA's order, it is clear that Mr. Williams' appeal was "properly filed" when he filed the Notice of Appeal, and that the OCCA subsequently dismissed the appeal as a matter of state procedural bar.

Our approach is consistent with Mills v. Norris, 187 F.3d 881 (8th Cir. 1999). In that case, the petitioner filed a Notice of Appeal from the trial court's denial of his application for post-conviction relief, but never filed the record. See id. at 882. The court held that despite the petitioner's failure to perfect his appeal, the appeal was still pending for § 2244(d)(2) purposes. See id. at 884. To reach this conclusion, the court relied on the "plain language" of the relevant state court rule, [2] which provided that the "[f]ailure of appellant to take any

---

[2]Although the Mills court indicated that whether an application for state post-conviction relief is "pending" for 2244(d)(2) purposes is "an issue of federal law," id. at 883, we need not reach that issue. See Fernandez v. Starnes, No. 99-2887, 2000 WL 1358730, at *2 (7th Cir. Sept. 21, 2000) (deciding time period a properly filed petition was pending where the state court excused an untimely

further steps to secure the review of the appealed conviction shall not affect the validity of the appeal but shall be ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal." <u>Mills</u>, 187 F.3d at 883 (quoting Ark. Crim. R. App. P. 2(e)).

Similarly, the plain language of OCCA's rule is dispositive in this case. Despite the state's contention that Rule 5.2(C)(5) does not mean what it says, we must take the plain language of the rule at face value. Rule 5.2(C)(5) provides that a failure to file a petition in error and a brief "shall constitute a procedural bar." We cannot ignore this language. Therefore, Mr. Williams' appeal was "properly filed" as specified in <u>Habteselassie</u>, and Mr. Williams' habeas petition was timely.[3]

REVERSED and REMANDED for further disposition on the merits.

---

filing).

[3]To the extent <u>Walker v. Saffle</u>, Nos. 98-7125, 98-7144, 1999 WL 178702 (10th Cir. Apr. 1, 1999) holds otherwise, it was decided before <u>Habteselassie</u>, is unpublished, and is not binding on this panel.