2000 OK CR 22

**Herbert WEATHERFORD, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PC–2000–1152.**

Court of Criminal Appeals of Oklahoma.

Nov. 1, 2000.

### ORDER DECLINING APPELLATE JURISDICTION AND DISMISSING PLEADINGS SEEKING POST–CONVICTION APPEAL

¶ 1 In Atoka County District Court, Case No. CF–92–1, Petitioner, while represented by counsel, entered a plea of guilty to Unlawful Possession of Drugs in a Penal Institution, After Former Conviction of Two or More Felonies. On February 12, 1992, Petitioner was sentenced to a term of twenty years imprisonment for this offense. Petitioner has never filed a direct appeal from this conviction.

¶ 2 On September 6, 2000, Petitioner, pro se, filed a Petition in Error and supporting brief with the Clerk of this Court. Through these pleadings Petitioner seeks to appeal a District Court order entered on August 3, 2000, denying Petitioner post-conviction relief. Petitioner also presents to this Court a "Motion to Supplement Post–Conviction Appeal Record" which was tendered for filing on September 6, 2000, and a "Motion to Supplement Post–Conviction Appeal Brief" filed September 8, 2000. For the reasons set forth below, the Court **FINDS** Petitioner's pleadings and attempted post-conviction appeal must be dismissed.

¶ 3 "[I]t is to be remembered that appeal is a creature of statute and exists only when expressly authorized." *White v. Coleman*, 1970 OK CR 133, ¶ 11, 475 P.2d 404, 406. The statute permitting appeals in non-capital post-conviction proceedings is 22 O.S. 1991, § 1087, of the Post–Conviction Procedure Act. Within Section 1087 it is provided: "A final judgment entered under this act may be appealed to the Court of Criminal Appeals on petition in error filed either by the applicant or the state within thirty (30) days from the entry of the judgment."

¶ 4 This statute granting the right of post-conviction appeal conditions the right upon the appeal being commenced within thirty days. Thus if a party desires to invoke the appellate jurisdiction of this Court over post-conviction proceedings, he must do so within the time mandated by the Legislature.

[A] jurisdictional prerequisite is imposed upon this Court by 22 O.S.1991, § 1087. Section 1087 does not allow this Court to entertain a post-conviction appeal unless that appeal is "filed" within thirty days of judgment. The "failure to file appeal in appellate court within time allowed by law is fatal to appeal, and appellate court has no discretion to hear and determine appeals on merits when they are not taken within time prescribed by law." *Brown v. State*, [1968 OK CR 76, ¶ 4] 443 P.2d 118, 120 (Okl.Cr.1968).

*Hunnicutt v. State*, 1997 OK CR 77, ¶ 7, 952 P.2d 988, 989. Thus when an appeal is not initiated within the time required by law, this Court is without jurisdiction to entertain the attempted appeal and the same must be dismissed. *Tilley v. State*, 1970 OK CR 50, ¶¶ 3–4, 468 P.2d 804, 804; *Ressler v. State*, 1969 OK CR 321, ¶ 2, 462 P.2d 279, 280–81.

¶ 5 This Court's *Rules* acknowledge the statutorily mandated thirty-day period for commencing a post-conviction appeal in this Court. Rule 5.2(C)(2) of the *Rules of the Oklahoma Court of Criminal Appeals*, Title

22, Ch. 18, App. (2000), advises all parties desiring to appeal from a final judgment entered under the Post–Conviction Procedure Act to file their petition in error "within thirty (30) days from the date the final order of the District Court is filed with the Clerk of the District Court." Our *Rules* also expressly state the consequence of not meeting this jurisdictional requirement: "Failure to file a petition in error, with a brief, within the time provided, shall constitute a procedural bar for this Court to consider the appeal." Rule 5.2(C)(5).[1] Because Petitioner's September 6, 2000, filing of his Petition in Error is outside the established thirty-day appellate time period, it must be dismissed as untimely.

¶ 6 **IT IS THEREFORE THE ORDER OF THIS COURT** that by reason of Petitioner's failure to properly invoke the jurisdiction of this Court by the filing of a timely petition in error and brief appealing the District Court's August 3, 2000, order, appellate jurisdiction over Petitioner's attempted post-conviction appeal is **DECLINED** and Petitioner's presented pleadings **DISMISSED.**

¶ 7 **IT IS SO ORDERED.**

¶ 8 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 1st day of November, 2000.

/s/ Reta M. Strubhar, Presiding Judge
RETA M. STRUBHAR, Presiding Judge
/s/ Gary L. Lumpkin, Vice Presiding Judge
GARY L. LUMPKIN, Vice Presiding Judge
/s/ Charles A. Johnson, Judge
CHARLES A. JOHNSON, Judge
/s/ Charles S. Chapel, Judge
CHARLES S. CHAPEL, Judge
/s/ Steve Lile, Judge
STEVE LILE, Judge

---

1. We note the 10th Circuit Court of Appeals has recently construed Rule 5.2(C)(5) as having made the timely filing of a petition in error something less than a condition precedent for commencing a post-conviction appeal. *Williams v. Gibson,* 229 F.3d 1310, 1311-12 (10th Cir.2000). Such an interpretation is unfounded. As noted above, the appellate time period for post-conviction appeals is set by statute. It is beyond this Court's power to change—either by court rule or otherwise—the minimum statutory prerequisites for bringing an appeal. *Shuler v. State,* 1959 OK CR 31, ¶ 4, 337 P.2d 454, 455–56 ("No court, either appellate or inferior, has any power to change the [appeal] statute."). Thus Rule 5.2(C)(5) should not be read as lessening the jurisdictional prerequisite of (1) filing that petition in error necessitated by Section 1087 of the Post–Conviction Procedure Act, and (2) filing it within that time frame ordained by Section 1087.