**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

MARK COLLINS,

    Petitioner - Appellant,

v.

STEPHEN W. KAISER; OKLAHOMA
DEPARTMENT OF CORRECTIONS;
JAMES L. SAFFLE,

    Respondents - Appellees.

No. 01-6393
(W.D. Okla.)
(D.C. No. 99-CV-1185-T)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BARRETT**, **PORFILIO**, and **BRORBY**, Senior Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mark R. Collins, a state prisoner proceeding *pro se*, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition. Mr. Collins also asks to proceed *in forma pauperis*. We deny Mr. Collins' application for a certificate of appealability, deny his motion for leave to proceed on appeal *in forma pauperis*, and dismiss his appeal.

An Oklahoma state court jury convicted Mr. Collins of first degree rape and four counts of furnishing beer to persons under the age of twenty-one. He was sentenced to twenty-five years imprisonment on the rape count and six months imprisonment on each of the other counts. On direct appeal, the Oklahoma Court of Criminal Appeals affirmed the convictions and sentences. Mr. Collins then sought habeas relief in federal district court arguing: 1) the Oklahoma Court of Criminal Appeals did not have jurisdiction to affirm his rape conviction because his rape conviction was never appealed; and 2) his appellate counsel was ineffective because she failed to appeal his rape conviction. The district court found the jurisdictional challenge was not supported by the record but stayed its decision on the ineffective assistance of counsel argument while Mr. Collins filed an application for post-conviction relief in an Oklahoma court. Mr. Collins' application for post-conviction relief argued his appellate counsel was ineffective and the charging documents were not sufficient to apprize him of the criminal

charges against him.  After the Oklahoma court denied the post-conviction relief petition, Mr. Collins did not appeal the decision to the Oklahoma Court of Criminal Appeals.  The federal district court then denied Mr. Collins' habeas corpus petition because the ineffective assistance of counsel claim was barred by an independent and adequate state procedural rule – Mr. Collins failed to timely appeal the denial of post-conviction relief.

In requesting we issue a certificate of appealability, Mr. Collins argues 1) the Oklahoma Court of Criminal Appeals did not have jurisdiction over the direct appeal of his rape conviction because he did not appeal his rape conviction; 2) the charging documents were not sufficient to inform him of the charges against him; and 3) his counsel on appeal was ineffective in failing to appeal his rape conviction.

In determining whether to issue a certificate of appealability when the district court has denied a habeas petition on the merits, we ask whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When the district court denies the habeas petition on procedural grounds, we must decide whether the petitioner has made a substantial showing "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Mr. Collins' claim the Oklahoma Court of Criminal Appeals lacked jurisdiction over the direct appeal of his rape conviction is without merit. Mr. Collins' brief on direct appeal clearly shows he appealed admission of evidence relevant to his rape charge and sentence. Therefore, we decline to grant a certificate of appealability on this issue.

Furthermore, we conclude Mr. Collins' claim the charging documents were insufficient is procedurally barred. We also conclude Mr. Collins' claim of ineffective appellate counsel is procedurally barred. Under Oklahoma law, an appeal of a denial of post-conviction relief is procedurally barred unless the party desiring to appeal files a notice of appeal within ten days of the denial of post-conviction relief and a petition in error within thirty days of the denial. Oklahoma Court of Criminal Appeals Rule 5.2(C); *Weatherford. V. Oklahoma*, 13 P.3d 987, 988-89 (Okal. Crim. App. 2000). Mr. Collins did not file a timely appeal of the denial of post-conviction relief. We have previously held a procedural default under Oklahoma Court of Criminal Appeals Rule 5.2(C) is an

independent and adequate state ground sufficient to preclude habeas review. *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir.), *cert. denied*, 525 U.S. 933 (1998). Therefore, the independent and adequate state ground doctrine prevents our review of claims raised in Mr. Collins post-conviction relief petition. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement .... The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.").

Notwithstanding a procedural default in state court, we will grant a certificate of appealability if 1) there is a showing of cause for the default and actual prejudice as a result of the alleged violation of federal law, or 2) the failure to consider the claim will result in a fundamental miscarriage of justice, usually evidenced by actual or factual innocence. *Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997). Neither of these exceptions is applicable here. With respect to the first, Mr. Collins argues "[he] did not know that [he] was supposed to appeal the denial of [his] post-conviction application." This is not cause to excuse Mr. Collins' procedural default. *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991). Similarly, the second exception is inapplicable because Mr.

Collins has not presented new reliable evidence to support his contention of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Consequently, we decline to grant a certificate of appealability on either of the claims raised in Mr. Collins' petition for post-conviction relief.

Lastly, we consider Mr. Collins' motion to proceed *in forma pauperis*. To proceed *in forma pauperis*, Mr. Collins "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Because Mr. Collins' petition presents only frivolous legal arguments in support of his assertions, we deny his request to proceed *in forma pauperis*.

For these reasons, we **DENY** Mr. Collins' motion for a certificate of appealability, **DENY** his motion to proceed *in forma pauperis*, and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge