**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES RICKY EZELL, III,

    Petitioner - Appellant,

v.

JOE ALLBAUGH,

    Respondent - Appellee.

No. 18-5110
(D.C. No. 4:04-CV-00145-JHP-FHM)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

James Ricky Ezell, III, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the denial of his motion under Federal Rule of Civil

Procedure 60(b) challenging the dismissal of his application for relief under 28 U.S.C.

§ 2254 as untimely. We deny a COA and dismiss the appeal.

Mr. Ezell was convicted and sentenced in Oklahoma state court on two counts of

first-degree robbery (Counts I and II) and one count of false imprisonment (Count III).

The Oklahoma Court of Criminal Appeals (OCCA) affirmed the convictions but

remanded for resentencing. On October 2, 2002, the state district court held a hearing

and resentenced Mr. Ezell. On October 23 the judgment and sentence from that hearing

was filed in the state district court. Mr. Ezell did not appeal.

On May 20, 2003, Mr. Ezell filed an application for postconviction relief in state district court. The application was denied on June 25. On August 7 Mr. Ezell attempted to appeal to the OCCA, but the OCCA dismissed his appeal on October 17 because he did not provide a certified copy of the state district court's order denying postconviction relief, as required under the OCCA rules.

On February 24, 2004, Mr. Ezell filed his § 2254 application in the United States District Court for the Northern District of Oklahoma. In August 2005 the district court dismissed the application as untimely. Almost 13 years later, on June 20, 2018, Mr. Ezell filed a "motion request of rehearing" of the dismissal. District Court Order at 2. The court construed the motion as brought under Rule 60(b) and denied relief. Mr. Ezell appeals that order.

As an initial matter, we agree with the district court that Mr. Ezell's motion is a "true" Rule 60(b) motion, rather than a successive § 2254 application, because he challenges the dismissal of his original application on procedural grounds. *See Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006)–16 ("[A] 'true' 60(b) motion . . . challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application."). But because the motion was filed in a proceeding under § 2254, he must obtain a COA before this court has jurisdiction to consider his appeal. *See id*. at 1217–18. To qualify for a COA, a prisoner must show, among other things, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 1225 (internal quotation marks omitted). Mr. Ezell has not made that necessary showing.

First, a Rule 60(b) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). We seriously doubt that the nearly 13-year gap between the dismissal of Mr. Ezell's § 2254 application in 2005 and the present motion is "reasonable." *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177–78 (10th Cir. 2005) (unexplained delay of almost a year was not reasonable).

Second, addressing the merits, as did the district court, we do not believe that a reasonable jurist could debate the propriety of the dismissal for untimeliness of Mr. Ezell's § 2254 application in 2004. A prisoner pursuing relief under § 2254 generally must file his application in federal court within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Oklahoma district court issued its order resentencing Mr. Ezell on October 2, 2002. Because Mr. Ezell did not appeal that order, it became final on October 12. *See* OCCA Rule 2.1(B) (requiring appellant to file notice of intent to appeal "[w]ithin ten (10) days from the date the Judgment and Sentence is imposed in open court"); OCCA Rule 2.5(A) ("Within ten (10) days from the date the Judgment and Sentence is imposed in open court or an order grants an appeal out of time, the defendant must file with the trial court clerk a notice of intent to appeal and designation of record in the form prescribed in Rule 1.14(C).").

In his brief in this court, Mr. Ezell appears to argue that the judgment did not become final until after it was filed in state court on October 23. But the OCCA rules are clear that a party must file an appeal within 10 days of when a judgment is "imposed *in open court*." *See* OCCA Rules 2.1(B), 2.5(A) (emphasis added). He also complains of a

3

clerical error in the October 23 order—it said that his sentences were to run consecutively rather than concurrently—which was not corrected nunc pro tunc until July 26, 2016. But when the sentence was imposed in open court on October 2, which commenced the 10-day period in which to appeal, the judge stated that the sentences were to run concurrently. *See* Order Denying Def.'s Mot. to Modify Sentence Nunc Pro Tunc, *State v. Ezell*, No. CF-2000-2768, Okla. Dist. Ct., Tulsa Cty. (Jan. 19, 2018) ("Defendant's Judgment and Sentence for Count 1 has already been amended [to show the sentences are to run concurrently] *to conform to the Court's sentencing pronouncement*." (emphasis added)). A clerical error generally does not affect the finality of a judgment. *See In re Craddock*, 149 F.3d 1249, 1254 (10th Cir. 1998) ("[W]e consider this judgment final for purposes of this appeal, since . . . if the judgment contains a clerical error or mistake, such error generally does not render the judgment invalid."). And a judgment that merely corrects a clerical error in an earlier judgment is not a new judgment that begins a new one-year limitations period under § 2244.[1] *See In re Stansell*, 828 F.3d 412, 420 (6th Cir. 2016) ("When courts use nunc pro tunc entries in this manner—to correct clerical errors that result in a discrepancy between the court's oral pronouncements and its paper records—we do not regard the corrected entries as new judgments . . . ."); *May v. Kansas*,

---

[1] Mr. Ezell also appears to argue that his counsel was ineffective in failing to file a notice of appeal from the October 2 resentencing order. But that argument was not raised in his Rule 60(b) motion before the district court and is therefore not preserved for our review. *See Simpson v. Carpenter*, 912 F.3d 542, 565 (10th Cir. 2018) ("[W]hen a litigant fails to raise an issue below in a timely fashion and the court below does not address the merits of the issue, the litigant has not preserved the issue for appellate review." (internal quotation marks omitted)).

562 F. App'x 644, 645–46 (10th Cir. 2014) ("state court's correction of a clerical error" is not a new judgment). Thus, absent tolling, the time for Mr. Ezell to file a § 2254 application would have expired on October 12, 2003, several months before he filed his application.

Mr. Ezell was entitled to some tolling under § 2244(d)(2), which provides that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2) (emphasis added). The application continues to be pending even after it has been denied by a state trial court while appellate review of that decision is pending in state court, so long as the appeal is also properly filed. *See Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) ("[T]he term [*pending*] must be construed . . . to encompass all of the time during which a state prisoner is attempting, through *proper* use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." (emphasis added)). Such tolling began when Mr. Ezell filed his postconviction application with the Oklahoma district court on May 20, 2003. At that point, 220 days of the limitations period had run and 145 remained. The question then becomes when the clock started running again.

After the state district court denied Mr. Ezell's postconviction application on June 25, 2003, he attempted to appeal to the OCCA. But that appeal did not comply with the OCCA rules, as it did not include a certified copy of the order from which Mr. Ezell was appealing; it thus was not "properly filed" for purposes of the tolling provision. *See*

5

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." (emphasis in original)). Mr. Ezell complains that he was not provided with a certified copy of a district-court order. But the order he refers to appears to be the October 2002 resentencing order, not the June 25, 2003 order that Mr. Ezell needed to submit with his appeal. And the state-court docket reflects that a certified copy of the June 25 order was provided to Mr. Ezell on the day it was entered.

The running of the limitations period therefore resumed upon expiration of the time to file an appeal from the June 25 order. *See Williams v. Gibson*, 237 F.3d 1267, 1269 (10th Cir. 2001) ("Although [the applicant] failed to perfect his appeal [in state court] by filing a petition in error and supporting brief within thirty days as required by OCCA Rule 5.2(C)(2), he is entitled to toll thirty days from the district court's denial of his post-conviction application. . . ."). The OCCA rules gave Mr. Ezell 30 days to appeal that order, so the date of the resumption was July 25, 2003. He then had 145 days (the remainder of the one-year limitations period), or until December 17, 2003, to file his § 2254 application. Mr. Ezell's February 24, 2004 application was therefore properly dismissed as untimely.

Mr. Ezell's brief in this court briefly mentions the possibility of equitable tolling of the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling warranted if applicant shows "(1) that he has been pursuing his rights diligently,

6

and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks omitted)). But he provides no argument why equitable tolling would be appropriate, and we are aware of no reason to permit such tolling in this case.

Finally, Mr. Ezell complains of a "clerical error" by the federal district court. Aplt. Br. at 12. The district court did initially fail to provide Mr. Ezell with a copy of its order denying his Rule 60(b) motion. But it corrected that error by extending the time for Mr. Ezell to appeal that order. No further relief is warranted.

We **DENY** Mr. Ezell's motion to abate the proceedings, **DENY** a COA, and **DISMISS** the appeal. We **GRANT** Mr. Ezell's motion to proceed *in forma pauperis*.

Entered for the Court


Harris L Hartz
Circuit Judge