**J.W. HUNNICUTT, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. PC–97–90.**

Court of Criminal Appeals of Oklahoma.

May 8, 1997.

Publication Ordered Dec. 16, 1997.

### ORDER TO REJECT FILING OF PETITION FOR REHEARING

On February 27, 1997, this Court issued an "Order Declining Jurisdiction and Dismissing Post–Conviction Petition in Error" in the above-styled cause. This order was a final disposition of an attempted post-conviction appeal by Petitioner from a judgment filed on December 18, 1997, in the District Court of Muskogee County, Case No. CRF–76–62. As set forth in the February 27, 1997 Order, this Court declined appellate jurisdiction over Petitioner's attempted appeal on the grounds that the Petitioner had failed to timely perfect the same and therefore this Court's jurisdiction could not be invoked.

On March 10, 1997, Petitioner tendered for filing with the Clerk of this Court a "Petition for Rehearing with Brief in Support." Within this latest pleading Petitioner requests this Court to vacate its February 27, 1997 Order and "allow the appeal ... to proceed." He believes himself entitled to such relief because of the following circumstances and authorities.

Petitioner alleges that he filed his appellate pleadings by delivering them to prison

officials on January 10th or 11th, 1997, for mailing to the Clerk of this Court. Petitioner contends that because this act occurred prior to the expiration of his thirty-day appellate deadline, his appeal should be considered timely under the authority of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), and *Woody v. State ex rel. Dep't of Corrections*, 833 P.2d 257 (Okl. 1992), despite any failure of his pleadings to reach the Clerk prior to the appellate deadline.

 Petitioner's reliance upon *Houston* and *Woody* is misplaced. *Houston* raised the question: "Whether under Federal Rule of Appellate Procedure 4(a)(1) ... notices [of appeal by pro se prisoners] are to be considered filed at the moment of delivery to prison authorities for forwarding" to the appellate court clerk? *Houston*, 487 U.S. at 268, 108 S.Ct. at 2381. Although the Supreme Court answered this question in the affirmative, its interpretations of the Federal Rules of Appellate Procedure are not controlling as to the construction of any Oklahoma rule of appellate procedure.

 The decision of the Oklahoma Supreme Court in *Woody* rests upon a special statute applicable only in appeals to that court. The Oklahoma Legislature in 1991 passed 12 O.S.1991, § 990A. This enactment specifically allowed an appeal to be commenced in our state's Supreme Court by sending the petition in error to the Clerk of the Supreme Court "by certified mail with return receipt requested." When an appeal is commenced in this fashion "[t]he date of mailing ... shall constitute the date of filing of the petition in error." 12 O.S.1991, § 990A(A).[1] This statute, creating what is known as a "mailbox rule," was expanded by the *Woody* court for the benefit of pro se prisoners. *Woody* held the date of mailing as concerns pro se prisoner's would be the date when the prisoner delivered his petition to correction officials for mailing.[2] *Woody*, 833 P.2d at 258–60.

There is no parallel provision to Section 990A for appeals in criminal matters to the Oklahoma Court of Criminal Appeals. Accordingly, this Court's ruling that Petitioner's attempted appeal was untimely does not conflict with the United States Supreme Court's policy in the *Houston* decision or with the ruling by the Oklahoma Supreme Court in *Woody*.

 Additionally, it must be noted that a jurisdictional prerequisite is imposed upon this Court by 22 O.S.1991, § 1087. Section 1087 does not allow this Court to entertain a post-conviction appeal unless that appeal is "filed" within thirty days of judgment. The "failure to file appeal in appellate court within time allowed by law is fatal to appeal, and appellate court has no discretion to hear and determine appeals on merits when they are not taken within time prescribed by law." *Brown v. State*, 443 P.2d 118, 120 (Okl.Cr. 1968). As Petitioner failed to have his appellate pleadings filed with the Clerk of this Court within the time prescribed by law, and as delivery of his pleadings to prison officials does not substitute for such filing, the February 27, 1997 Order of this Court declining jurisdiction over Petitioner's attempted appeal was correct in requiring dismissal of Petitioner's Petition in Error.

The record in Petitioner's case also reveals that in mailing his appellate pleadings to the Clerk, he failed to include the required filing fee or pauper's affidavit necessary for the filing of such pleadings. This explains why, if Petitioner indeed mailed his appellate pleadings on January 10th or 11th, 1997, as he alleges, the same were not filed by the Clerk until January 22, 1997, the date when the Clerk finally received from Petitioner the requisite affidavit swearing inability to pay a filing fee.

Lastly, we hold Petitioner's Petition for Rehearing must also be rejected on the basis of additional rules of procedure. Rule 5.4 of the *Rules of the Court of Criminal Appeals*, 22 O.S.Supp.1996, ch. 18 app., states that a

---

1. This provision was amended in 1993 and now appears at 12 O.S.Supp.1996, § 990A(B) in a slightly different form.

2. The holding in *Woody* has now been specifically recognized within the Supreme Court's latest rules revisions along with a procedure for its invocation by inmates. Okla.Sup.Ct.R. 1.4(d), 12 O.S.Supp.1997 Special Pamphlet, ch. 15 app. 1.

petition for rehearing is not allowed in a post-conviction appeal and that the Clerk of this Court is not to accept for filing any such petitions so tendered. *See also* Rule 3.14(E) ("A petition for rehearing may be filed only in regular appeals, as defined by Rule 1.2."). It is apparent from Petitioner's Petition for Rehearing that he has misread the definition of "Regular Appeals" as delineated at Rule 1.2. "Regular Appeals" are only those listed in subsection (A) of Rule 1.2 and such appeals do not include "Post-conviction Appeals" as defined by subsection (C) of Rule 1.2.

■ If Petitioner feels through no fault of his own he has been denied an appeal from the District Court's order denying post-conviction relief, he is free to request the District Court to recommend an appeal out of time through an application for post-conviction relief so requesting. Petitioner's right to appeal is dependent upon his ability to prove he was denied an appeal through no fault of his own. *See Smith v. State*, 611 P.2d 276, 277 (Okl.Cr.1980). If the District Court grants his request, then Petitioner should file a petition for an appeal out of time in this Court with a copy of the District Court's order attached to it. This Court will then consider the District Court's recommendation and issue an order granting or denying an appeal out of time. If the District Court denies his request, then Petitioner should attach a copy of the District Court's denial with his appeal to this Court.

**IT IS THEREFORE THE ORDER OF THIS COURT** that by reason of the foregoing, the Clerk of this Court is directed to reject the filing of Petitioner's Petition for Rehearing tendered on March 10, 1997, but shall nonetheless retain a copy thereof for the purposes of the record and show the same on the docket as tendered for filing.

**IT IS THE FURTHER ORDER OF THIS COURT** that this Court's previous Order of February 27, 1997, declining appellate jurisdiction and dismissing Petitioner's attempted post-conviction appeal shall remain in full force and effect.

The Clerk for the Court of Criminal Appeals is directed to transmit a copy of this Court's Order to the Honorable Thomas H. Alford, Judge of District Court of Muskogee County; the Clerk of the District Court of Muskogee County; and to the Office of the District Attorney for Muskogee County; as well as to Petitioner.

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge