**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LARRY D. KIEL,

      Petitioner-Appellant,

v.

H. N. SCOTT,

      Respondent-Appellee.

No. 98-6208
(D.C. No. CIV-97-1737)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**   *

---

Before **PORFILIO** , **BARRETT** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-Appellant Larry D. Kiel appeals from the district court's order dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. This matter comes before us on petitioner's application for a certificate of appealability (COA). See id. § 2253(c). We deny COA and dismiss the appeal.

Appellant was convicted in 1992 of various drug offenses and given sentences of 1000 years' imprisonment for trafficking in illegal drugs, 1000 years for possession of a controlled dangerous substance with intent to distribute, 250 years for possession of a controlled dangerous substance without a tax stamp, 250 years for maintaining a vehicle where a controlled dangerous substance is kept, and one year and $1,000 fine for possession of drug paraphernalia, all after former conviction of two or more felonies. After unsuccessfully pursuing his remedies in the Oklahoma courts, he filed this habeas petition.

The district court dismissed appellant's petition as untimely. It noted that he filed his petition after the enactment of AEDPA, and so a one-year period of limitation applies. See 28 U.S.C. § 2244(d). This limitation period began running on the date on which the appellant's judgment of conviction became final by conclusion of direct review or the expiration of the time to seek such review. See id. § 2244(d)(1)(A).

Appellant's judgments of conviction became final for purposes of § 2244(d) on July 30, 1996, and the one-year period began running on that date. [1] The one-year time limit is tolled, however, during any time a properly filed application for state post-conviction relief is pending. See § 2244(d)(2). On April 16, 1997, within the one-year limitation period, appellant filed an application for post-conviction relief with the Oklahoma County district court. This suspended the running of the limitations period, with 105 days remaining.

The state district court subsequently denied appellant's application for post-conviction relief on May 21, 1997. The remaining 105 days of the one-year period ran out on September 3, 1997. Appellant did not file his habeas petition until October 29, 1997, some fifty-six days beyond the expiration of the statute of limitations. He now contends, however, that he was entitled to a further tolling of the limitations statute which would make his petition timely.

---

[1] An emergency panel of the Oklahoma Court of Criminal Appeals affirmed appellant's convictions on direct appeal on June 9, 1995. That court subsequently denied his petition for review of the panel opinion on May 1, 1996. Appellant did not seek certiorari review by the Supreme Court within the ninety days permitted by Supreme Court Rule 13(1), making his conviction final at the end of the ninety-day period. The district court erroneously calculated the ninety-day period as ending on July 31, 1996, rather than July 30.

1.  Statutory tolling

Appellant argues that he was entitled to an additional statutory tolling period for the time that his appeal from the denial of post-conviction relief was pending in the Oklahoma Court of Criminal Appeals. He filed his appeal in the Oklahoma Court of Criminal Appeals on June 23, 1997. That court denied jurisdiction of the appeal by order entered September 8, 1997, concluding that the appeal had not been timely filed. Because the appeal was untimely, the federal district court concluded that it was not "properly filed" within the meaning of § 2244(d)(2) and therefore did not further toll the statute of limitations. See Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998) ("Properly filed" application, for purposes of § 2244(d), is one that has been "submitted according to the state's procedural requirements, such as the rules governing the time and place of filing."). We agree.

Appellant asserts, however, that his appeal was timely because he handed the paperwork necessary to perfect his appeal to his jailers within the deadline set by Oklahoma law. The district court properly rejected this argument, noting that the "prison mailbox rule" developed in Houston v. Lack, 487 U.S. 266 (1988) does not apply to criminal matters filed in the Oklahoma Court of Criminal Appeals. See, e.g., Banks v. State, 953 P.2d 344, 345-47 (Okla. Ct. Crim. App.

-4-

1998). We agree with the district court that appellant was not entitled to a further statutory tolling period based on his untimely appeal.

## 2. Equitable tolling

Appellant argues, alternatively, that even if he did not meet the statutory criteria for tolling, the district court should have equitably tolled the running of the time period for filing a habeas petition during the time his appeal was pending. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) (holding that limitation period imposed by § 2244 is not jurisdictional but rather is subject to equitable tolling), cert. denied, 119 S. Ct. 210 (1998). The district court rejected the application of equitable tolling, stating that appellant had not shown any extraordinary reason why he could not have prepared and filed his petition by the deadline.

In determining whether equitable tolling is appropriate, we recognize that "[d]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." Lonchar v. Thomas, 517 U.S. 314, 324 (1996). At the same time, equitable tolling also should not be used to thwart the intent of Congress in establishing a statute of limitations for habeas claims. See Calderon v. United States Dist. Ct., 128 F.3d 1283, 1288 (9th Cir. 1997) (stating that equitable tolling should be granted only if

"extraordinary circumstances" beyond a prisoner's control make it impossible to file his petition on time), cert. denied , 118 S. Ct. 899, 1389 (1998).

Equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Department of Veterans Affairs , 498 U.S. 89, 96 (1990) (footnotes omitted). Thus, equitable tolling may be appropriate where a petitioner has been deceived by an incorrect representation by an adversary, court or agency. See Johnson v. United States Postal Serv. , 861 F.2d 1475, 1481 (10th Cir. 1988). That has not occurred in this case and appellant's pleading was filed outside the deadline. Although a petitioner's diligence in pursuing a claim is a prerequisite for equitable tolling, it is not sufficient in and of itself.

We recognize that the Oklahoma Court of Criminal Appeals would not publish its rejection of the mailbox rule until after appellant had handed his paperwork to the prison authorities. See Hunnicutt v. State , 952 P.2d 988 (Okla. Ct. Crim. App. 1997). Given the statutory jurisdiction and independence of the Oklahoma Court of Criminal Appeals over criminal matters, however, we are not persuaded that a petitioner could reasonably rely upon the Oklahoma Supreme Court's prior adoption of a mailbox rule for any other court. At best,

such reliance would constitute a mistake of law solely attributable to appellant, generally an improper basis for equitable tolling.

While it is true that appellant did not learn that his appeal had been rejected for untimeliness until September 8, 1997, five days after the one-year federal habeas limitation period had passed, we are simply unable to find that this (appellate delay) constitutes an extraordinary circumstance that somehow could excuse a protective federal filing, even given the importance of exhausting state remedies,  see 28 U.S.C. § 2254(b)(1).

Because we are not empowered to expand the reach of federal equitable tolling solely for federal habeas claims, we must agree with the district court that equitable tolling cannot save this petition.

Appellant's application for a COA is DENIED, and this appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge