**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 10 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES ALVIN MOORE, III,

  Petitioner - Appellant,

v.

GARY E. GIBSON,

  Respondent - Appellee.

No. 00-6251

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. CIV-97-1935-T)**

---

Submitted on the briefs:[*]

James Alvin Moore, III, pro se.

---

Before **HENRY**, **BALDOCK**, and **LUCERO**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

[*] After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

James Alvin Moore, III, an Oklahoma state prisoner appearing pro se, seeks a certificate of appealability pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d). Moore contends he initiated his state post-conviction proceedings early enough to toll the limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), thus rendering the instant federal petition timely.

When we first considered this appeal, we determined that its outcome depended on applying Oklahoma law we found unclear. Pursuant to 10th Cir. R. 27.1 and Okla. Stat. Ann. tit. 20, § 1602, we certified a question of Oklahoma law to the Oklahoma Court of Criminal Appeals. That court issued an opinion answering our question, and we now rule on the merits of Moore's appeal.

Because this is the third time we have considered Moore's federal habeas petition, we will only briefly recite the facts, borrowing liberally from our prior work. See Moore v. Ward, No. 98-6263, 1999 WL 46717 (10th Cir. Feb. 3, 1999) (unpublished). Moore was convicted in Oklahoma state court in 1984. After several proceedings not relevant here, he was re-sentenced in December 1993. Although he filed a notice of intent to appeal, Moore never filed an actual appeal and did not initiate state post-conviction proceedings until April 1997. Moore claims he delivered his state petition to prison officials for mailing on

April 10, 1997, but it was not file-stamped by the Oklahoma state court until April 24, 1997. Moore's state petition was denied by the Oklahoma state district court on June 17, 1997, and the Oklahoma Court of Criminal Appeals affirmed the denial on November 4, 1997. Moore allegedly delivered his federal petition to prison officials for mailing on November 13, 1997. Moore's federal petition was dismissed as time-barred, and he appealed.

Because Moore's state convictions became final before the passage of AEDPA, he had until April 23, 1997, one year from AEDPA's effective date, to file a federal habeas petition. See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). However, the AEDPA deadline is tolled during the period a state post-conviction proceeding is pending. See 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226. In Moore's prior appeal, we remanded to the district court to determine whether, in light of Hoggro, Moore had filed his state habeas petition in time to toll the AEDPA limitations period and thus to permit the filing of his § 2254 petition.

On remand, the district court referred the case to a magistrate judge. Pursuant to the magistrate judge's order directing Moore "to submit to this Court any information and supporting documentation he has as to the timely filing of his habeas corpus petition," (R. Doc. 27 at 2), Moore filed documentation purporting to show that he delivered his state habeas petition to prison officials for filing on

April 10, 1997. Moore argued that under the "prisoner mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), his state petition should be considered filed when delivered to prison officials for mailing. The magistrate judge rejected Moore's argument, concluding that the Houston rule does not apply to pleadings filed in Oklahoma state courts and recommending that Moore's petition be dismissed as untimely. Over Moore's objections the district judge adopted the magistrate judge's recommendations, concluding that Houston did not apply to Moore's state petition and, even if Houston did apply, Moore had not established his state and federal petitions were filed in time to satisfy § 2244(d).

Subsequent to the filing of the instant appeal, this Circuit resolved the question of Houston's applicability to state habeas petitions and held that "the federal mailbox rule announced in Houston v. Lack does not apply to § 2244(d)(2) for purposes of determining when the tolling period for a properly-filed state petition begins." Adams v. LeMaster, 223 F.3d 1177, 1181 (10th Cir. 2000), cert. denied, 121 S. Ct. 1198 (2001). Because Houston does not apply, we look to Oklahoma law to determine the date on which Moore's state petition was considered filed. See id. at 1181–82. Citing Hunnicutt v. State, 952 P.2d 988, 989 (Okla. Crim. App. 1997), the district court concluded that Moore's state "application for post-conviction relief . . . is deemed filed upon its receipt by the

Clerk of the District Court of Oklahoma County, not on the date it was provided to prison officials." (R. Doc. 39 at 4.)

At the time we first considered this appeal, we found the district court's reading of Hunnicutt unpersuasive because that case considered only the narrow issue of when an appeal to the Oklahoma Court of Criminal Appeals is timely filed. See Hunnicutt, 952 P.2d at 989 (citing Okla. Stat. Ann. tit. 22, § 1087).[1] The issue before us, determining when an initial application for post-conviction review in Oklahoma state court is considered filed, is not addressed in Hunnicutt. In addition, we were concerned about the potential reach of the Oklahoma Supreme Court's decision in Woody v. State ex rel. Department of Corrections, 833 P.2d 257, 259–60 (Okla. 1992), in which the court cited Houston with approval and held that the prisoner mailbox rule applied to an appeal by a state prisoner appearing pro se. Woody's holding is grounded on a statute inapplicable to this appeal. See id. at 258–60 (construing Okla. Stat. Ann. tit. 12, § 990A); see also Hunnicutt, 952 P.2d at 989 (" Woody rests upon a special statute applicable only in appeals to [the Oklahoma Supreme Court]. . . . There is no parallel provision to Section 990A for appeals in criminal matters to the Oklahoma Court of Criminal Appeals."). Woody also indicated, however, that

---

[1] Other cases rejecting the mailbox rule are similarly limited to the context of criminal appeals. See, e.g., Banks v. State, 953 P.2d 344, 346 (Okla. Crim. App. 1998); Behrens v. Patterson, 952 P.2d 990, 991 (Okla. Crim. App. 1997).

the application of the mailbox rule to pro se prisoners' appellate filings was mandated by constitutional concerns of access to the courts and equal protection of the law.  See Woody, 833 P.2d at 258–60 & nn.6–7 (citing Okla. Const. art. 2, § 6 and Dowd v. United States, 340 U.S. 206, 208 (1950)).  Additionally, Woody cited with approval a Florida case mandating use of the prisoner mailbox rule on purely constitutional grounds independent of any specific statute.  See id. at 259 n.8, 260 n.14 (citing Haag v. State, 591 So. 2d 614, 616 (Fla. 1992)).  Neither Hunnicutt nor any of the cases following its rejection of the prisoner mailbox rule addressed the constitutional basis for Woody's holding.

These observations, along with the lack of relevant case law construing the Oklahoma Uniform Post-Conviction Procedure Act, Okla. Stat. Ann. tit. 22, §§ 1080–1089, caused us to certify the following question to the Oklahoma Court of Criminal Appeals:  "[D]oes the prisoner mailbox rule apply to filings in Oklahoma district courts for post-conviction relief made pursuant to Okla. Stat. Ann. tit. 22, § 1081?"  The Oklahoma Court of Criminal Appeals answered our question in the negative.  See Moore v. Gibson, No. O 2001-30, 2001 WL 321989 (Okla. Crim. App. April 4, 2001).  After a discussion of the definition of "filing" in Oklahoma, the relevant statutory language, and the nature of Oklahoma post-conviction procedure, the court summarized its holding:

> The term "filed" found in Section 1081 of Oklahoma's Uniform Post Conviction Procedure Act means when a properly verified

application for post-conviction relief is delivered to the proper district court clerk for the purpose of filing. The "mailbox rule" does not apply. We find that this holding is not contrary to relevant constitutional provisions.

Id. at *5.

We see nothing in the record to indicate Moore's state petition was received on any day other than April 24, 1997, the date on which it was file-stamped. See Okla. Stat. Ann. tit. 22, § 1081 ("The clerk shall docket the application upon its receipt and promptly bring it to the attention of the court . . . ."). Because Oklahoma does not recognize the prisoner mailbox rule, it is immaterial when Moore gave his petition to prison officials, and his state petition was thus filed too late to toll the § 2244(d) limitations period, rendering his federal petition untimely. [2]

Our analysis does not end with the conclusion that Moore has not met the requirements of § 2244(d). Because "§ 2244(d) is not jurisdictional," its one-

---

[2] Even if we were to assume Moore's state petition was actually received, but not file-stamped, some time before April 24, 1997, we would still conclude that his federal petition is untimely. The Oklahoma Court of Criminal Appeals affirmed the denial of Moore's state petition on November 4, 1997, ending any § 2244(d)(2) tolling of the AEDPA limitations period. By Moore's own account, he did not file his federal petition until nine days later. Thus, for his federal petition to be timely, Moore's state petition needed to have been received by the Oklahoma court at least nine days before April 23, 1997, to sufficiently toll the limitations period. Because Moore's state petition was not file-stamped until April 24, 1997, we would have to assume that it was received by the Oklahoma court but not file-stamped for well over a week. Such a long delay between receipt and file-stamping is not supported by the record.

year limitation period "may be subject to equitable tolling."  Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  The record in this case does not reveal sufficiently extraordinary circumstances to warrant equitable tolling. Moore claims he was denied counsel to appeal his December 1993 resentencing. However, even crediting his account of the events, he did not initiate his state post-conviction proceedings until April 1997.  This delay does not demonstrate that Moore was pursuing his claims diligently.  Moore concedes he "knew that under the AEDPA he had to get his pleadings filed by April 23, 1997."  (R. Doc. 28 at 3.)  He also knew that legal mail in his prison was subject to delays.  But the delay here was hardly extraordinary—Moore claims that prison officials held his mail for eight days before mailing.  Even if we were to toll the statute of limitations by those eight days, Moore's federal petition would still be untimely because he did not file it until nine days after the final disposition of his state petition.

Because Moore's appeal presented a previously unsettled issue of Oklahoma law concerning the application of the prisoner mailbox rule, we **GRANT** a certificate of appealability.  However, in light of the Oklahoma Court

of Criminal Appeals' holding that the prisoner mailbox rule does not apply to post-conviction proceedings in that state, we **AFFIRM** the district court's dismissal of Moore's habeas petition as time-barred.