**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES A. BOYD,

     Petitioner-Appellant,

v.

CHARLES E. SIMMONS; WILLIAM
L. CUMMINGS,

     Respondents-Appellees.

No. 05-3083
(D.C. No. 03-CV-3288-SAC)
(Kansas)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

James Adolphas Boyd, a state prisoner, applies for a certificate of

appealability (COA) to challenge the district court's dismissal of his petition for

habeas relief pursuant 28 U.S.C. § 2241.[1] The district court held the petition time

barred by the one-year statute of limitations in the Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), *see* 28 U.S.C. § 2244(d). We exercise

---

[1]Mr. Boyd initially framed his petition for relief under 28 U.S.C. § 2254.
Because he was actually challenging the execution of his state sentences rather
than the validity of his convictions, the district court properly construed his
petition as arising under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d
862, 865 (10th Cir. 2000).

jurisdiction over Mr. Boyd's case under 28 U.S.C. § 2253(c)(1) and deny his request for a COA.

This case arises out of Mr. Boyd's challenge to the Kansas state sentence he received in 1992 for various crimes he committed. He initially filed a motion in state court to modify his sentence, which was denied in 1993. He did not appeal that denial. In 2002, Mr. Boyd filed a state court habeas action claiming that the computation of his 1992 sentence violated the *ex post facto* provisions of the United States Constitution.[2] The state court denied all relief, and the Kansas Supreme Court affirmed that decision in June of 2003. Mr. Boyd filed his federal habeas petition on July 15, 2003.

In his federal petition, Mr. Boyd acknowledged that his habeas petition was subject to a one-year period of limitations under AEDPA. He further conceded that his 1992 sentence was final before AEDPA was enacted on April 26, 1996. Thus, absent some tolling event Mr. Boyd had one year, or until April 23, 1997, to timely file his federal habeas action. *See Moore v. Gibson*, 250 F.3d 1295, 1297 (10th Cir. 2001); *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998).

---

[2]Mr. Boyd was previously sentenced in two other actions in 1969 and 1980, and was on parole for those offenses when he committed the crimes resulting in his 1992 conviction. Mr. Boyd essentially alleges that in calculating his sentence start date and his parole eligibility date for the 1992 convictions, his prior sentences were retroactively enhanced under Kansas statutes governing sentence computation and parole eligibility.

Because his petition for federal habeas relief was filed six years beyond the limitations period, Mr. Boyd argued to the district court that he was entitled to equitable tolling.[3]

Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Boyd contended he was diligent in attempting to discover and raise his *ex post facto* claim but had been denied access to the courts through the conduct of his appointed counsel and his lack of access to relevant legal materials.

In addressing Mr. Boyd's assertions of diligence, the district court noted that Mr. Boyd's own proffered exhibits included a prison document dating from August 1993 detailing his sentence start and parole eligibility dates. From this and other records submitted by Mr. Boyd, the court concluded that Mr. Boyd knew several years prior to the close of the AEDPA limitations period, or at least could have discovered through the exercise of due diligence, the factual predicates of his claim, that is, the calculation of his sentence start and parole

---

[3]Mr. Boyd also asserted he was entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2), for the time during which he sought state post-conviction relief for his claims. The district court rejected this argument noting that Mr. Boyd's state habeas actions were not filed or pending during the one year tolling period of April 24, 1996 and April 23, 1997.

eligibility dates.

The court also rejected Mr. Boyd arguments that he had been diligent in pursuing his legal claims during the limitations period. The only evidentiary support Mr. Boyd provided on this issue included a reference to a letter he wrote to the Kansas Department of Corrections in November of 1992 concerning the calculation of his sentence, and copies of three pieces of correspondence with the Kansas Legal Services for Prisoners (KLSP) regarding the same. Of this correspondence, only two letters were sent before or during the one-year limitations period. The court concluded these two letters were not sufficient to show Mr. Boyd was diligent in pursuing his claims.

The court likewise discounted Mr. Boyd's argument that his right of access to the courts was impeded by his inability to review certain legal materials, as well by the allegedly ineffective and conflict of interest ridden conduct of his state appointed counsel.[4] First, the court noted that Mr. Boyd's own evidence indicated he was provided counsel by KLSP in lieu of access to a library containing the state law relevant to Mr. Boyd's case. Relying on *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991), the court further reasoned that "since there is no right to assistance of counsel in state habeas proceeding[s], Boyd's

---

[4]The district court summarily dismissed Mr. Boyd's conflict of interest allegations as "not based upon substantial facts." Aplt. App. at 106.

allegations that appointed counsel ineffectively represented him in those proceedings do not entitle him to equitable tolling." Aplt. App. at 104.[5] Consequently, the court held that Mr. Boyd's claim for federal habeas relief was not subject to equitable tolling and was therefore untimely. Mr. Boyd now seeks a COA to challenge the district court's ruling.

The issuance of COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. When a district court has dismissed a habeas petition on procedural grounds, a certificate will only issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on our review of the record on appeal, the district court's order, and

---

[5]Mr. Boyd also asserted, in the most conclusory fashion, that he could rely on this court's allowance for equitable tolling in light of his claim of actual innocence. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("Equitable tolling would be appropriate, for example, when a prisoner is actually innocent."). The district court rejected this argument out of hand as frivolous. The court also rejected Mr. Body's request for an evidentiary hearing on the issue of equitable tolling.

Mr. Boyd's submissions to this court, we are not persuaded jurists of reason would disagree with the district court's disposition of Mr. Boyd's § 2241 petition. Although Mr. Boyd's attempts during the limitations period to pursue his legal claims, either through the request for legal advice or relevant legal materials, could be deemed to represent some form of diligence on his part, we are not convinced these actions rise to the level required for the extraordinary relief of equitable tolling. In sum, reasonable jurists would agree with the district court that Mr. Boyd's case does not present "rare and exceptional circumstances" warranting equitable tolling of AEDPA. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Accordingly, we **DENY** Mr. Boyd's request for a COA and **DISMISS** the appeal. Mr. Boyd's request for an evidentiary hearing is **MOOT.**

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge