**UNITED STATES COURT OF APPEALS**

**TENVTH CIRCUIT**

WILLIAM D. WOOD, JR.,

Petitioner-Appellant,

v.

JUSTIN JONES, Director of D.O.C.,

Respondent-Appellee.

No. 08-6052
(D.C. No. CV-07-1280-HE)
(W.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Petitioner-Appellant William Dee Wood, Jr., a federal prisoner acting pro se, appeals from the district court's dismissal of his petition for habeas corpus. The district court determined that the petition was time-barred. Mr. Wood also seeks leave to proceed in forma pauperis ("IFP"). Reviewing Mr. Wood's filings liberally,[1] we hold that no reasonable jurist could conclude that the district court's

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Because Mr. Wood is proceeding pro se, we review his pleadings and
(continued...)

dismissal on procedural grounds was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we decline to issue a Certificate of Appealability ("COA"), deny his request to proceed IFP, and dismiss his appeal.

## I. BACKGROUND

Mr. Wood was convicted on state criminal charges, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on March 6, 2006. Mr. Wood did not petition for a writ of certiorari but instead submitted two post-conviction applications for relief which were file-stamped by the court clerk on June 7, 2007 and July 26, 2007. The state court denied Mr. Wood post-conviction relief. Mr. Wood filed his habeas petition on November 13, 2007.

## II. DISCUSSION

Mr. Wood contends that the district court erred in time-barring his federal habeas corpus claims and that the district court applied federal law incorrectly. Mr. Wood references on appeal the arguments raised in his 28 U.S.C. § 2254 petition for writ of habeas corpus: (1) that the trial court should have excluded his racially biased statement as irrelevant and unfairly prejudicial; (2) that his sentence was excessive; (3) that appellate counsel provided constitutionally ineffective assistance of counsel; (4) that evidence found on his person should have been suppressed; (5) that the trial court should have excused three jurors

---

[1](...continued)
filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

based upon his request; (6) that the trial court should have conducted further voir dire into racial prejudice after racially charged statements were allowed into evidence; (7) that the state violated due process by not bringing phone records into evidence; (8) that the trial court sentenced him more harshly because he chose a jury trial; and (9) that the state never proved the element of intent.

To obtain the jurisdictionally prerequisite COA, Mr. Wood must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has clarified that where, as here, the district court denies a habeas petition on procedural grounds, a petitioner must show that reasonable jurists would find debatable both (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id.* Mr. Wood has not made the requisite showing.

"We review the district court's factual findings for clear error and its legal conclusions *de novo*." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). The limitations period for habeas corpus relief consists of one year, beginning (as relevant here) when the judgment becomes final through "direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This

period ended on June 5, 2007.

As noted above, the OCCA affirmed Mr. Wood's conviction on March 6, 2006. He then had ninety days to file a petition for a writ of certiorari in the United States Supreme Court. 28 U.S.C. § 2101(c). The ninetieth day was June 4, 2006. Mr. Wood failed to file a petition for certiorari, and his conviction became "final" on June 5, 2006.[2] In the absence of tolling, Mr. Wood would have had until June 5, 2007 to file a habeas petition. 28 U.S.C. § 2244(d)(1)(A).

Mr. Wood argues on appeal that the federal mailbox rule applies, and the Court should consider his first application for post-conviction relief to be filed on the day that he had verified the pleading—May 29, 2007—or, alternatively, the day he gave his application to the prison mail officials—May 30, 2007. However, Oklahoma state courts do not recognize the federal mailbox rule for criminal matters. *See Moore v. Gibson*, 250 F.3d 1295, 1298-99 (10th Cir. 2001) ("Because Oklahoma does not recognize the prisoner mailbox rule, it is immaterial when [the prisoner] gave his petition to prison officials . . . ."). Thus, we may not consider the post-conviction application as filed before June 7, 2007—the date the application was received and file-stamped by the court clerk. *See id.* By June 7, 2007, the applicable limitations period had already expired.

Even in the absence of statutory tolling, the limitations period may be

----

[2]     Because June 4, 2006 fell on a Sunday, it is not included in the time computation pursuant to Fed. R. Civ. P. 6(a)(3) and, accordingly, Mr. Wood gained an additional day.

-4-

subject to equitable tolling "in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003) (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). We have thoroughly reviewed the record and see no such circumstances here. Finally, because Mr. Wood has failed to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotations omitted), we deny his motion to proceed IFP.

### III.  CONCLUSION

Accordingly, we **DENY** Mr. Wood's request for a COA, **DENY** his request to proceed IFP, and **DISMISS** his appeal.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge