**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 28, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN CHRISTIAN BURTON,

Petitioner - Appellant,

v.

JIMMY MARTIN, Warden,

Respondent - Appellee.

No. 18-5117
(D.C. No. 4:18-CV-00201-GKF-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Pro se state inmate John C. Burton seeks a certificate of appealability (COA)

to appeal the district court's dismissal of his petition for habeas relief under 28

U.S.C. § 2254.[1]  For the reasons discussed below, we deny Burton's request for a

COA and dismiss the appeal.

I.

Burton is serving a 42-year sentence at the North Fork Correctional Center

(NFCC) in Sayre, Oklahoma for committing second-degree burglary after two or

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Burton is proceeding pro se, "we construe his filings liberally."
_Garza v. Davis_, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

more prior felony convictions. In 2016, Burton appealed his sentence to the Oklahoma Court of Criminal Appeals, which affirmed his conviction and sentence. Burton never filed a petition for writ of certiorari in the United States Supreme Court, nor did he file any post-conviction relief applications in state court.

On April 11, 2018, Burton filed the § 2254 habeas petition underlying this proceeding in the district court. The petition laid out several claims for relief. Respondent moved to dismiss the petition as time barred. Burton did not dispute that his petition was filed outside the one-year limitation period provided by 28 U.S.C. § 2244(d). Rather, he argued that he originally filed his habeas petition in a timely manner, on August 28, 2017. *See* COA Petition at 2. When he learned that the original filing "never made it to the court," he filed the instant petition, on April 11, 2018. *Id.*

Burton gave two reasons for why the district court should not find the instant petition time-barred: (1) by applying the prison mailbox rule, and (2) by applying principles of equitable tolling. The district court found neither argument persuasive and dismissed Burton's petition. The district court also denied Burton a COA. Burton timely appealed.

## II.

Before we may consider the merits of a habeas petition, Burton must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). To do so, Burton must make a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Here, where the district court denied his petition as untimely, Burton must make that showing by

demonstrating both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

## III.

Burton first argues that the district court should have applied the prison mailbox rule to his initial habeas petition, allegedly mailed on August 28, 2017, in order to deem the instant petition timely. The prison mailbox rule provides that "an inmate's notice of appeal is timely if it is placed in the prison mailing system on or before the last day for filing, provided it is accompanied by a declaration complying with 28 U.S.C. § 1746, a notarized statement or other evidence that the notice was so deposited." *Jackson v. Oklahoma*, 735 F. App'x 504, 509 n.6 (10th Cir. 2018) (citing Fed. R. App. P. 4(c)(1)). Additionally, the rule specifies that, if an institution "has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of" this rule. Fed. R. App. P 4(c)(1).[2]

---

[2] This court has previously noted that Oklahoma does not recognize a prison mailbox rule. *See Moore v. Gibson*, 250 F.3d 1295, 1298 (10th Cir. 2001). However, this court applies the rule to filings by state inmates in federal court. *See,*

3

Below, the district court reasoned that, "even assuming [Burton] mailed a federal habeas petition to this Court in August 2017, he has not met his burden to establish that he did so by utilizing the NFCC's legal mail system." Dist. Ct. Op. at 9. "As a result," the district court could not "apply the prison mailbox rule to deem his April 2018 petition timely." *Id.*

Reasonable jurists would not debate whether the district court correctly arrived at this conclusion. In her affidavit submitted by Respondent, the NFCC law librarian, Paula Bethea, explained that the NFCC "follows Department of Corrections Operating Procedures for the handling of legal mail." ROA at 62.[3] Specifically, "all outgoing legal mail will be marked 'legal' and entered in a mail log and identified as legal." *Id.* Further, "a staff member [must] observe the inmate place outgoing legal mail in an envelope before sealing the envelope." *Id.*

At the direction of the district court, Respondents provided a certified copy of the Outgoing Legal/Privileged Mail Log for the NFCC for the months of July, August, and September 2017. Supp. ROA at 3. Consistent with Bethea's

---

*e.g.*, *Davis v. Bryant*, 737 F. App'x 878, 881 (10th Cir. 2018) (applying prison mailbox rule to conclude Oklahoma state inmate's notice of appeal from district court's denial of COA in habeas case was timely filed).

[3] Both parties submitted affidavits from Bethea to the district court. Burton submitted the first affidavit, in which Bethea stated that Burton "deposited his § 2254 Habeas Petition in the Prison's Institutional Mailbox on August 28th, 2017 . . . ." ROA at 26. Respondent filed Bethea's second affidavit, which sought to "clarify [Bethea's] earlier affidavit." *Id.* at 62. In the second affidavit, Bethea explained that her "previous affidavit [submitted by Burton] was based solely on [Bethea's] recollection of conversations with inmate Burton and was not based on any official record of outgoing legal mail." *Id.*

description, the log records the date of the legal mailing, along with the sender's name, his Department of Corrections number, the name of the recipient, and other details. *Id.* at 4–36. The log shows no entries for legal mail sent by Burton in those months. Further, Bethea stated, "Inmate Burton did not bring any legal mail to the law library at NFCC on or around August 28, 2017 to be stamped." *Id.* at 62.

Burton very well may have attempted to mail a habeas petition in August of 2017. But the evidence provided by both parties makes plain that, while a legal mail system was available at the NFCC for Burton to use, he did not do so. As such, Burton has failed to demonstrate eligibility for the prison mailbox rule. Because the district court correctly invoked the bar to the prison mailbox rule's application in this case, we decline to grant Burton a COA on this issue.

IV.

Burton also argues that the district court should have applied equitable tolling to the one-year limitation period that would otherwise bar the instant petition. "[E]quitable tolling of the one-year period may be granted, but only in 'rare and exceptional circumstances.'" *Coppage v. McKune*, 534 F.3d 1279, 1280 (10th Cir. 2008) (quoting *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003)). "[E]quitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). "'[A]n inmate bears a strong burden to show specific facts to support his claim of

extraordinary circumstances and due diligence.'" *Id.* (alteration in original) (quoting

*Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Burton claims that "extraordinary circumstance[s] beyond his control made it impossible to file his petition on time." COA Petition at 1. First, he argues that he mailed his initial petition on August 28, 2017, "using the only postage system available." *Id.* at 3. To explain his failure to use the legal mail system, rather than the regular mail system, Burton complains that no one at the NFCC went through all the facility's mail to "check[]" for legal mail. *Id.* at 4. In his estimation, that procedure should be "automatic." *Id.*

Burton, though, fails to "allege with specificity the steps he took" to confirm that the legal mail system was not available to him at the time of his initial filing. *Yang*, 525 F.3d at 930 (quotation omitted) (finding lack of extraordinary circumstances where petitioner claiming language deficiency did "not set forth what actions he pursued to secure assistance with his language barrier inside or outside prison"). Merely arguing that the facility should find his legal mail for him once it is placed in a general mailbox is not enough, particularly in light of evidence that other inmates were able to log and mail their legal documents in the days before and immediately after August 28. *See* ROA at 23.

Burton also argues that Robin Dickerson, the mailroom supervisor, was not at the NFCC the week Burton mailed his original petition. COA Petition at 4. He argues that her absence accounted for his legal mail not appearing on the Outgoing Legal Mail Log.

But again, the Log undermines Burton's claim: four NFCC inmates had legal mail logged on August 26, 2017, and seventeen had legal mail logged on August 29. ROA 23–24.

Without specific facts supporting either a claim of extraordinary circumstances or due diligence, the district court correctly concluded that Burton failed to show that equitable tolling should be applied. Dist. Ct. Op. at 10. Because reasonable jurists would not debate the correctness of the district court's conclusion, we decline to grant Burton a COA on this issue.

V.

Based on the foregoing, we DENY Burton's request for a COA and DISMISS this appeal.

Entered for the Court


Allison H. Eid
Circuit Judge